UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDDIE HALL,

    Plaintiff,

v.

D. COLE, et al.,

    Defendants.
_____/

Case No. 2:23-cv-28

Hon. Hala Y. Jarbou

## OPINION

Plaintiff Freddie Hall filed this lawsuit under 42 U.S.C. § 1983 against Defendants D. Cole, Peggy Erickson, and Unknown Johnson. (Verified Compl., ECF No. 1.) In his verified complaint, Hall claims Defendants violated his Eighth and Fourteenth Amendment rights,[1] alleging they were deliberately indifferent to a substantial risk of harm he faced from other inmates while confined in the Marquette Branch Prison.

On November 25, 2024, the Court adopted a report and recommendation ("R&R") that granted Cole's motion for summary judgment. (ECF No. 33.) The remaining defendants filed a motion for summary judgment on March 24, 2025. (ECF No. 44.) Magistrate Judge Maarten Vermaat issued an R&R recommending the Court grant in part and deny in part Defendants' motion. (ECF No. 53.) Specifically, the R&R concluded that Hall's failure-to-protect claims against Defendants in their personal capacities should remain, but Hall's claims against Defendants in their official capacities should be dismissed. Defendants timely filed three objections to the

---

[1] As Hall acknowledges, he does not raise a separate Fourteenth Amendment claim and only cites the Fourteenth Amendment for incorporation purposes. (Pl.'s Br. 8, ECF No. 55.)

R&R.  (ECF No. 54.)  For the reasons discussed herein, the Court will overrule Defendants' objections.  The R&R will be approved and adopted, supplemented by the additional reasoning outlined in this Opinion.

## I. STANDARD

### A. R&R Review Standard

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

### B. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party moving for summary judgment bears the burden of demonstrating that there is no genuine dispute of material facts.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A fact is material if it "might affect the outcome of the suit."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A material fact is genuinely disputed when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Id.* at 249 (citing *First Nat'l Bank of Ariz. v. City Serv. Co.*, 391 U.S. 253, 288-89 (1961)).

Summary judgment is not an opportunity for the Court to resolve factual disputes.  *Anderson*, 477 U.S. at 249.  The Court "must shy away from weighing the evidence and instead view all the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in their favor."  *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 410 (6th Cir. 2021).

2

## II. ANALYSIS

The two R&Rs (ECF Nos. 31, 53) discuss the facts in detail. At issue is whether Hall has presented evidence from which a jury could reasonably conclude that Defendants acted with deliberate indifference in violation of Hall's Eighth Amendment rights when they released Hall into the general population with inmates who had plans to attack him, and then continued to keep Hall in the general population despite his complaints about these risks. (Verified Compl. ¶¶ 10-11, 19-20.) One of the inmates Hall complained about, "Prisoner Gordon," eventually attacked Hall.

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Westmoreland v. Butler County*, 29 F.4th 721, 726 (6th Cir. 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). However, this does not mean that "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* (quoting *Farmer*, 511 U.S. at 834). "A prison official violates an inmate's rights" due to such violence "only if the official is 'deliberately indifferent to inmate health or safety.'" *Id.* (cleaned up) (quoting *Farmer*, 511 U.S. at 834).

"To raise a cognizable constitutional claim for deliberate indifference to an inmate's safety" under the Eighth Amendment, "an inmate must make a two-part showing"; the inmate must show that "(1) the alleged mistreatment was objectively serious; and (2) the defendant subjectively ignored the risk to the inmate's safety." *Franklin v. Franklin County*, 115 F. 4th 461, 477 (6th Cir. 2024) (quoting *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011)).

Defendants make three objections to the R&R. First, Defendants object to the R&R's determination that Hall presented evidence to satisfy the objective component of the deliberate indifference test. Second, Defendants object to the R&R's determination that Hall presented

3

evidence to satisfy the subjective component of the deliberate indifference test. Finally, Defendants object to the R&R's determination that they are not entitled to qualified immunity. As discussed below, all three objections will be overruled.

### A. Objective Component

Defendants argue the R&R incorrectly concluded that Hall presented sufficient evidence to satisfy the objective component of the deliberate indifference test. "Under the objective component, '[f]or a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Westmoreland*, 29 F.4th at 726 (alteration in original) (quoting *Farmer*, 511 U.S. at 834). When an inmate has a history of violent confrontations with a specific gang, and he later learns that members of that gang have planned to attack him, placing the inmate in general population with those gang members can create a substantial risk of serious harm. *Hamilton v. Eleby*, 341 F. App'x 168, 171 (6th Cir. 2009). Additionally, if an inmate is "identified as a 'snitch,'" such a label "puts an inmate at substantial risk of assault." *Westmoreland*, 29 F.4th at 729.

Hall presented evidence that suggests he was confined under conditions with a substantial risk of serious harm. Hall has shown that he had violent confrontations with certain gangs, (Verified Compl. ¶¶ 10-11; Hall Dep. 36, 38, 43-44, 46-48, ECF Nos. 45-13, 50-2), his problems with the gangs would follow him between prisons, (Hall Dep. 46, 55), and he later learned members of those gangs planned attacks against him via "hits" or "green lights." (Verified Compl. ¶ 19; Hall Dep. 76-77.) He was then placed in the general population with members of those gangs. (Verified Compl. ¶¶ 10-11, 19; Hall Dep. 36, 38, 43-44, 46-48, 55, 65, 76-77.) Additionally, after he disclosed other inmates' plans to attack CO Nurkula, he was labeled a "snitch" and faced an increased risk of attack. (Hall Dep. 81-83, 86.) Thus, he was confined under

conditions in general population that put him at a substantial risk of harm, so Defendants' objection regarding the objective component of the deliberate indifference test will be overruled.

### B. Subjective Component

Defendants argue the R&R incorrectly concluded that Hall presented sufficient evidence to satisfy the subjective component of the deliberate indifference test. To satisfy the subjective component, a jury must be able to infer the defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Reedy v. West*, 988 F.3d 907, 914 (6th Cir. 2021) (quoting *Bishop*, 636 F.3d at 766-67). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* (quoting *Bishop*, 636 F.3d at 766-67). Notably, the record need only "permit (though not compel) a jury to find" that Defendants were aware of the risk and did not reasonably act to mitigate it. *Hamilton*, 341 F. App'x at 172. A jury may rely on circumstantial evidence. *Id.*

The analysis focuses on the defendants' "personal involvement, knowledge, and actions," *Reedy*, 988 F.3d at 914, but "it does not matter whether the risk comes from a single source or multiple sources." *Farmer*, 511 U.S. at 843. Defendants cannot "escape liability for deliberate indifference by showing that, while [they were] aware of an obvious substantial risk to inmate safety, [they] did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.*

Because "[t]hreats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk," Hall informing Defendants that he faced threats of violence, if taken alone, would not be sufficient to show that Defendants acted with deliberate indifference. *Reedy*, 988 F.3d at 915 (quoting *Varmado-El v. Marin*, 52 F. App'x 764, 765-66 (6th Cir. 2002)). An inmate's mere insistence of danger, even if expressed to Defendants, does not show that Defendants "subjectively perceive[d]" a real threat. *Id.*

5

Defendants' objection fixates on the notion that an inmate's complaints about allegedly impending violence do not give prison officials the requisite knowledge of a substantial risk of harm. But while Defendants rightfully point out that Hall's complaints would not (in and of themselves) permit a jury to infer Defendants' deliberate indifference, the Court's analysis does not focus solely on the prisoner's attempts to alert prison officials to these potential threats. As noted above, the Court also looks to Defendants' "personal involvement, knowledge, and actions." *Id.* at 914; *see also Hamilton*, 341 F. App'x at 171-72 (recognizing that a defendant's own actions or words may be the "most important[]" piece of evidence from which a jury could infer the requisite awareness and indifference).

From the evidence Hall presents, and viewing the facts in the light most favorable to Hall, a jury could reasonably infer Defendants acted with deliberate indifference. Hall expressed to Defendants "the whose [sic], whats, wheres, when, [and] why" of his issues with other inmates, including that he had particular issues with certain inmate gangs. (Hall Dep. 36, 38, 47.) He told defendants there were two gangs in particular that he was getting into fights with. (*Id.* at 43-44.) He expressed that he was facing threats from a gang in which Gordon was a member (*id.* at 76-77), and that he articulated specific plots (or "green lights") in which gangs authorized attacks against him. (Verified Compl. ¶ 19.) And while these notifications alone would not necessarily impute Defendants' awareness of—and indifference to—the risk Hall faced, Defendants' subsequent actions allow a jury to infer these requisite elements.

Hall testified that after discussing his safety concerns with Defendants, Johnson saw him walking out of his unit and said: "Don't get beat up. Don't get beat up when [you] go to the showers tonight." (Hall Dep. 65.) From this statement—that can easily be construed as a callous acknowledgement of Hall's substantial risk of injury—a jury could reasonably infer that Johnson

6

understood Hall faced excessive risk of danger and refused to pursue reasonable mitigation efforts, choosing to respond with indifference rather than assistance. Because Johnson and Erickson were both privy to Hall's complaints, and Hall expressed the same information to both defendants (*id.* at 36, 38, 43-44, 47), it would be reasonable for a jury to infer that when Erickson released Hall into the general population (Erickson Decl. 2-4), she displayed similar deliberate indifference, releasing Hall into conditions that she knew would be harmful.

As the R&R acknowledges, Defendants presented evidence that undercuts Hall's narrative and raises significant questions as to whether Defendants were actually aware of the risk Hall faced. Further, it is unclear whether Defendants were involved in moving Hall away "from the unit that Gordon and a lot of other associates [were] in," and whether moving Hall to a different unit would constitute a reasonable response given Hall's risk. (*Id.* at 85); *Hamilton*, 341 F. App'x at 172 (quoting *Farmer*, 511 U.S. at 844) (explaining that a prison official "may be found free from liability if he responded reasonably to the risk," but moving an inmate to a different unit does not reasonably mitigate that risk when it does not sufficiently extinguish the threat of harm). Regardless, at this stage, Hall has presented evidence from which a jury could infer deliberate indifference. Thus, Defendants' objection regarding the subjective component of the deliberate indifference test will be overruled.

### C. Qualified Immunity

"The doctrine of qualified immunity shields government officials from liability for civil damages unless the plaintiff establishes: '(1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Reedy*, 988 F.3d at 912 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). Defendants argue that they were not plainly incompetent or purposeful in violating the law and should therefore be

7

entitled to qualified immunity. They do so by reiterating Defendants' supposed blindness to Hall's risks, questioning (once again) whether they violated Hall's rights.

As discussed above, Defendants have not extinguished the questions of fact in this inquiry; a jury could reasonably conclude, given Hall's persistent complaints and Defendants' response to those complaints, that they violated Hall's constitutional rights. And the incompetence or purposefulness of their actions matter not if they violated clearly established rights. *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (explaining that courts should look to incompetence only when a right has not been clearly established). Defendants' objections skipped that essential threshold question: was Hall's right to protection from substantial risk of injury "'clearly established' at the time of the challenged conduct"? *Reedy*, 988 F.3d at 912. The R&R answered "yes," albeit without much explanation, and Defendants did not contest that conclusion. The Court agrees with the R&R.

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *al-Kidd*, 563 U.S. at 741 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). There need not be "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* In the context of Eighth Amendment violations for a prison official's failure to protect an inmate from violence, the contours are well established. As indicated above, when the official is aware of an inmate's substantial risk of harm, and does not act reasonably to mitigate it, they have displayed a deliberate indifference that violates the constitution. *E.g.*, *Reedy*, 988 F.3d at 912 (outlining deliberate indifference standard). Hall has presented evidence showing that Defendants' conduct falls within those contours. *See LaPlante v. City of Battle Creek*, 30 F.4th 572, 578 (6th Cir. 2022) (explaining that at the summary judgment stage, qualified immunity hinges on whether

the movant has extinguished questions of fact). Thus, qualified immunity is inappropriate. Defendants' objection regarding the denial of qualified immunity will be overruled.

### III. CONCLUSION

Hall has presented evidence showing that he was incarcerated under conditions posing a substantial risk of serious harm. He also presented facts that allow (even if not compel) a jury to conclude that Defendants were subjectively aware of this risk and disregarded it. He also showed that Defendants did not act reasonably to mitigate these risks. Further, given binding precedent that establishes the contours of Hall's right to be free from conditions of confinement that present a substantial risk of harm, Defendants should have known their conduct violated Hall's Eighth Amendment rights. Thus, they are not entitled to qualified immunity.

The Court will adopt the R&R—supplemented by the reasoning outlined in this Opinion—and overrule Defendants' objections. Hall's official capacity claims against Defendants will be dismissed, but his personal capacity claims against Defendants will remain.

The Court will enter an order consistent with this Opinion.


Dated: August 12, 2025                    /s/ Hala Y. Jarbou
                                          HALA Y. JARBOU
                                          CHIEF UNITED STATES DISTRICT JUDGE